## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREER MARABLE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff<br>v.<br><br>GENERAL REVENUE CORPORATION<br>    Defendant | CASE NUMBER:<br><br>CLASS ACTION COMPLAINT –<br>JURY TRIAL DEMANDED<br><br>AUGUST 14, 2008 |

## I. INTRODUCTION

1. Greer Marable brings this suit on behalf of herself and all those similarly situated in Connecticut against General Revenue Corporation, a debt collector, on account of its attempted collection of fees associated with the collection of the debt in an amount in excess of that permitted by law ("Class A"), and its representation that it could take legal action ("Class B"), as described more fully below, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et. seq.*, ("FDCPA") and the Connecticut Unfair Trade Practices Act Conn. Gen. Stat. §§ 42-110 *et. seq.* ("CUTPA").

## II. PARTIES

2. The Plaintiff, Greer Marable, is a natural person residing in Wallingford, Connecticut.

3. The Defendant, General Revenue Corporation, is an Ohio Corporation headquartered in Cincinnati, Ohio and is engaged in the collection of consumer debts. The Defendant uses instrumentalities of interstate commerce in the collection of debts.

## III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. This Court has jurisdiction over the defendant and venue in this Court is proper, because the acts complained of occurred in this state and because the Plaintiff and the Class Members are residents of Connecticut.

## IV. PLAINTIFF'S TRANSACTION

6. Plaintiff defaulted upon a consumer debt owed to a college for a graduate course.

7. After default, the account was assigned to Defendant for collection.

8. On April 2, 2008, Defendant sent Plaintiff a notice informing her that the amount due on the account equaled $2,306.67.

9. The debt owed to the original creditor was $1,730.00.

10. The amount Defendant attempted to collect included a collection fee of $576.67.

11. The $576.67 collection fee constitutes one-third of the $1,730.00 debt and is in excess of the maximum 15% collection fee that is permitted to be charged by a consumer collection agency under Conn. Gen. Stat. § 36a-805(a)(13).

12. The notice also stated, "Your file will be reviewed to determine if litigation is appropriate. Should litigation be determined to be appropriate, we are required to refer your account to our LEGAL FORWARDING DEPARTMENT, along with information about your resources."

## V. CLASS ALLEGATIONS

13. Paragraphs 1-12 are herein incorporated.

14. Plaintiff brings this action as a class action.

15. Class A is comprised of individuals in Connecticut who are similarly situated to the Plaintiff in that, within three years of the commencement of this action, they have been subjected to collection attempts by the Defendant on account of a consumer obligation, other than a federal student loan, and to whom the Defendant sent a notice that included a collection fee in excess of 15% of the amount sought to be collected or collected a fee in excess of that amount.

16. Class B is comprised of individuals in Connecticut who are similarly situated to the Plaintiff in that, within one year of the commencement of this action, they were sent a notice from Defendant containing language substantially the same as that alleged in paragraph 12.

17. Plaintiff is unable to state the precise number of potential Class Members, because that information is exclusively in the possession of Defendant and readily available through discovery. Plaintiff believes, and on that basis alleges, that the potential Classes number at least forty and are more likely in excess of several hundred.

18. The proposed Classes are so numerous that joinder of all members would be impracticable.

19. There is a community of interest among the members of the proposed Classes in that there are questions of law and fact common to the proposed Classes that predominate over questions affecting only individual members.

20. Plaintiff's claims are typical of those of the Classes she seeks to represent.

21. Plaintiff is represented by counsel competent and experienced in both consumer protection and class action litigation.

22. The common questions of law and fact predominate over any individual questions, in that the questions concerning the legality of the Defendant's actions may be readily ascertained by reviewing the notices that Defendant prepared and sent and the amounts that the Defendant

collected, and any individual questions are subordinate to the common questions of whether Defendant's practices violate the FDCPA and whether the Class Members are entitled to recover damages.

23. A class action is superior to other methods for the fair and efficient adjudication of the controversy. Because the damages suffered by individual class members are relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible or likely, would create a risk of inconsistent or varying adjudications with respect to the claims asserted by individual class members and could create incompatible standards of conduct for the Defendant. Moreover, because most class members are unaware of 1) the limitations of collection fees sought by consumer collection agencies and 2) the prohibition of collection agencies from taking legal action, they are unlikely to bring an independent action, and a class action is the only way that these violations and overcharges can be rectified.

## VI. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Class A Claims for Violations of 15 U.S.C. §§ 1692 *et. seq.*

24. Paragraphs 1 through 23 are herein incorporated.

25. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et. seq.*, by asserting entitlement to or collecting a collection fee in excess of the debts. Defendant's violations include, but are not limited to, the following:

   a. It falsely represented the character, amount or legal status of the debts, in violation of 15 U.S.C. § 1692e(2)(a);

    b. It falsely represented the compensation which may be lawfully received by Defendant for the collection of the debts when it asserted a collection fee in excess of the 15% limit on collection fees imposed by Conn. Gen. Stat. § 36a-805(a)(13), in violation of 15 U.S.C. § 1692e(2)(B); and,

    c. It attempted to collect fees associated with the collection of the debts in an amount in excess of that permitted by law, specifically, Conn. Gen. Stat. § 36a-805(a)(13), in violation of 15 U.S.C. § 1692f(1).

25. Pursuant to 15 U.S.C. § 1692k, Defendant is liable to the Plaintiff and the Class A Members to whom the notice was sent subsequent to the date that is one year prior to the filing of this action or who made payment to the Defendant subsequent to that date.

## SECOND CAUSE OF ACTION

### Class A Claims for Violations of Conn. Gen. Stat. §§ 42-110 *et. seq.*

26. Paragraphs 1 through 25 are herein incorporated.

27. Defendant violated the Connecticut Unfair Trade Practices Act ("CUTPA") by asserting entitlement to or collecting a collection fee in excess of the 15% limit on collection fees imposed by Conn. Gen. Stat. § 36a-805(a)(13).

28. Defendant's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous and such as to cause substantial injury to consumers.

29. The Plaintiff and the Class Members have sustained an ascertainable loss as a result of Defendant's acts.

30. Defendant is liable to Plaintiff and the Class Members for these losses as well as, in the discretion of the Court, punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

## THIRD CAUSE OF ACTION
### Class B Claims for Violations of 15 U.S.C. §§ 1692 *et. seq.*

31. Paragraphs 1 through 23 are herein incorporated.

32. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et. seq.*, by stating it would review Plaintiff's file to determine if litigation is appropriate and, following such a review, might refer the file to Defendant's Legal Forwarding Department. Defendant's violations include, but are not limited to, the following:

   a. It threatened to take action that is prohibited by Conn. Gen. Stat. §36a-805(a)(1), in violation of 15 U.S.C. § 1692e(5); and,

   b. It used false representations and/or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10).

33. Pursuant to 15 U.S.C. § 1692k, Defendant is liable to the Plaintiff and the Class Members for statutory damages, plus the costs of the action, and a reasonable attorney's fee as determined by the Court.

WHEREFORE, the Plaintiff seeks on behalf of herself and the class members monetary damages pursuant to 15 U.S.C. § 1692k, statutory damages pursuant to 15 U.S.C. § 1692k, costs and attorney's fees pursuant to 15 U.S.C. § 1692k, monetary damages pursuant to Conn. Gen. Stat. §42-110g, punitive damages pursuant to Conn. Gen. Stat. §42-110g, costs and attorney's fees pursuant to Conn. Gen. Stat. §42-110g, and such other relief as this Court deems appropriate.

PLAINTIFF, GREER MARABLE, Individually,
And On Behalf Of The Class,

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457

Brian L. Bromberg, Fed Bar No. ct26967
brian.bromberg@brianbromberg.com
Bromberg Law Office, PC
40 Exchange Place, Suite 2010
New York, NY 10005
Tel (212) 248-7906 Fax (212) 248-7908